UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
GRAND RODOSI, INC.,                   :
                                      :
            Plaintiff,                :     09 Civ. 3875 (JSR)
                                      :
      -v-                             :     ORDER
                                      :
ZHOUSHAN IMC-YY SHIPYARD &            :
ENGINEERING CO. LTD.,                 :
                                      :
            Defendant.                :
------------------------------------- x

JED S. RAKOFF, U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-28-09

    On June 18, 2009, defendant Zhoushan IMC-YY Shipyard & Engineering Co. Ltd. ("Zhoushan") moved to vacate the Order of Maritime Attachment issued by this Court on April 21, 2009 (the "Attachment Order") and, in the alternative, moved for a reduction of security. At oral argument on August 19, 2009, the Court denied defendant's motion to vacate. See tr. 8/19/09. The Court further found, however, that while the Complaint asserts a claim for consequential damages resulting from defendant's alleged breach of contract, the contract in question (which was attached to the Complaint) bars recovery of any consequential damages. See id. Accordingly, the Court granted defendant's alternative motion for reduction of security, see id., and by Order dated August 19, 2009, the Court directed the parties to consult with one another regarding the appropriate amount of security and to make submissions, either jointly or severally, setting forth their views on this issue.

    The parties initially did not reach an agreement on this point and therefore made separate submissions. At the same time

plaintiff filed a Verified Amended Complaint. The disagreement reflected in the parties' submissions did not concern the amount of non-consequential damages flowing from plaintiff's breach of contract claim. Both sides agree that these non-consequential damages total $669,102.20. See Letter from Patrick F. Lennon to Hon. Jed S. Rakoff dated August 26, 2009; Verified Am. Compl. ¶ 24; Letter from Eliot R. Claus to Hon. Jed S. Rakoff dated August 28, 2009 ("Claus Letter") at 1. Rather, the disagreement between the parties concerned an additional tort claim for $1,489,200.00, for wrongful detention of plaintiff's vessel, that plaintiff now asserts in the Verified Amended Complaint. Verified Am. Compl. ¶¶ 23-24. Defendant disputes that this claim can be validly maintained in the ongoing action between the parties in the Ningbo Maritime Court in China. See Claus Letter at 3-5.

On September 9, 2009, however, the parties jointly called Chambers and requested that the Court defer addressing the issues raised by the tort claim added in the Verified Amended Complaint and first rule on the appropriate amount of security reflecting the exclusion of consequential damages. The parties further represented that they were awaiting information concerning the status of the new tort claim in the Ningbo Maritime Court action. In light of this joint request, the Court reserves decision with regard to the validity of the added tort claim for wrongful detention of plaintiff's vessel and, at this time, will not order security for damages allegedly attributable to this claim.

Accordingly, the Court hereby reduces the amount of security to which plaintiff is entitled under the Attachment Order to **$858,895.07**, calculated as follows:[1]

| | |
|---|---:|
| 1) Non-consequential damages: | $669,102.20 |
| 2) Estimate of MDO costs from 3/5/09-7/29/09: | $146,000.00 |
| 3) Estimated interest (1.5 years at 3.5%/annum): | $42,792.87 |
| 4) Estimated recoverable court costs: | $1,000.00 |

Plaintiff should all necessary steps to release attachment of any amounts above $858,895.07. In all other respects, all proceedings in this case will remain stayed. See Order, 8/19/09.

SO ORDERED.

Dated: New York, NY
September 25, 2009

JED S. RAKOFF, U.S.D.J.

---

[1] Defendant, in its letter, sought reduction of the total amount of security to $669,102.20, Claus Letter at 1, but this total does not reflect MDO costs, estimated interest, or estimated court costs, all of which were provided for in the original Attachment Order. Defendant has made no specific objection to the inclusion of these amounts in the calculation of total security.